**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MONIKA GILMORE<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>MICHAEL FLAHERTY; SARAH GREENE; MACDARA FLAHERTY; ST. JAMES SECURITY SERVICES, LLC; DORADO BEACH EAST HOMEOWNERS ASSOCIATION, INC.; JANE ROE; MAX ROE; JANE DOE; DORADO BEACH GOLF MANAGEMENT, LLC, CORPORATIONS Y & Z; INSURANCE COMPANIES A, B & C.<br><br>　　　　Defendants | CIVIL NO.: 23-1591<br><br><br>**JURY TRIAL REQUESTED** |

**THIRD AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

Plaintiff Monika Gilmore ("Monika"), through the undersigned attorneys, and respectfully states and prays as follows:

### I.   INTRODUCTION

1. Overly permissive and enabling parents; a restaurant's overserving of alcohol to a minor; a residential security company's negligent response to a desperate call for help; and a homeowner association's *laissez faire* approach to the hiring and supervision of residential security services—all of it, a recipe for disaster resulting in a housebreaking and attempted assault by a drunk, belligerent 20-year-old.

2. In this diversity tort suit, the unwilling victim of codefendants' negligence seeks redress for the ensuing life-changing damages.

3. Indeed, for Monika, what begins as a quiet and peaceful night alone at home, codefendants' negligence suddenly turns into a never-ending nightmare that ultimately would cost what she holds most dearly in life.

4. Today, a day shy of a year from that fateful night, Monika still struggles with the plethora of nefarious consequences codefendants have thrust upon her.

5. Details about the who, the how, the why, and the what are provided below.

## II. JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction to entertain this case pursuant to 28 U.S.C. § 1332, as there is complete diversity between Monika and codefendants.

7. The relief requested in this suit far exceeds the jurisdictional amount of $75,000, exclusive of interests, costs, and punitive damages.

8. Pursuant to 28 U.S.C. § 1391, venue is proper in this Honorable Court because the acts and omissions giving rise to the Complaint happened within this District.

### III. THE PARTIES

9. **Monika** is domiciled and currently lives in the state of Florida. When the facts alleged in this Complaint happened, Monika is engaged and lives with her fiancé in the residential community of Dorado Beach East, in Dorado, Puerto Rico. The couple is expecting their first child together, and Monika has told her closest friends the exciting news.

10. When the facts alleged in the Complaint happened, **codefendant Macdara Flaherty** is a six-foot tall, 195-pound, 20-year-old with a penchant for alcohol, firearms, and violence.

11. Upon information and belief, Macdara currently lives in the United States. As alleged below, Macdara's negligent actions caused the damages Monika claims in this suit.

12. **Codefendants Michael Flaherty** and **Sarah Greene** are Macdara's divorced parents.

13. Macdara's parents currently live in Puerto Rico, where they relocated from the United States to benefit from tax shelters for wealthy individuals provided by local laws.

14. While Macdara is a minor, his parents enjoy joint custody over him.

15. Macdara's parents sold to Monika's fiancé the property in the Dorado Beach Community when the facts alleged in the Complaint happened.

3

16. Codefendant **Dorado Beach Golf Management, LLC** ("**DBGM, LLC**") is a legal entity incorporated under Puerto Rico law. DBGM, LLC operates and administers Melao Restaurant in the Dorado Beach Community.[1]

17. Before this amendment to the Complaint, DBGM, LLC's identity was unknown to Monika. It first became known to her through communications that took place with PRISA, LLC's counsel, who informed that its client had no interest in Malao Restaurant, but rather that the legal entity which did was DBGM, LLC.

18. As alleged below, Melao Restaurant's personnel negligently overserved alcohol to Macdara and allowed him to leave the restaurant facility visibly drunk with an open bottle of alcohol, which caused the damages Monika claims in this suit. As a result, DBGM, LLC is jointly and severally liable for Monika's damages.

19. **Codefendant St. James Security, LLC** ("**SJ Security**") is a legal entity incorporated under Puerto Rico law. When the facts alleged in the Complaint happened, SJ Security is contractually obligated to provide security services to the Dorado Beach Community, including Monika.

20. As alleged below, SJ Security and its personnel negligently derelict applicable obligations, which caused the damages Monika claims in this suit.

---

[1] As used in this Complaint, Malao Restaurant and DBGM, LLC are one and the same for all practical purposes.

4

Like all other codefendants, SJ Security is jointly and severally liable for Monika's damages.

21.     **Codefendant Dorado Beach East Homeowners Association, Inc.** ("**DB, Inc.**") is a legal entity incorporated under Puerto Rico law. When the facts alleged in the Complaint happened, DB, Inc. had hired SJ Security to provide security services to the Dorado Beach Community.

22.     Among other things, DB, Inc. is dutybound to ensure that SJ Security has instituted policies, practices, and procedures necessary to provide security to all community members, including Monika.

23.     As alleged below, DB, Inc. negligently derelict its duties, which caused the damages Monika claims in this suit.  With all other codefendants, DB, Inc. is jointly and severally liable for Monika's damages.

24.     Jane Roe, Max Roe, and Jane Doe are fictitious names given to codefendants whose identities and involvement in this case are currently unknown.

25.     Corporations Y, and Z are the fictitious names given to the unknown entities that employed the employees, agents, administrators, owners, directors, or subcontractors who negligently caused the damages claimed in this suit.

26.     Insurance Companies A, B, and C are the fictitious names given to the unknown insurance companies that provided insurance policies for the above codefendants. Those insurance policies provide coverage for the damages claimed in this suit.

## IV.     THE FACTS

### A. DRUNK AND UNCONTROLLABLE, MACDARA IS HEADING TO MONIKA'S HOME

27.     On the night of November 25, 2022, Macdara is a day past his 20th birthday, and he is celebrating at Melao Restaurant with his mother and others.

28.     Thanks to overindulgent drinking and overserving by restaurant personnel, Macdara has become uncontrollable.

29.     He begins screaming at his mother and acting out for all to see.

30.     Even though it is evident that Macdara is drunk, explosive, and aggressive, Melao Restaurant's personnel allow him to walk out carrying an open bottle of alcohol into the gated community.

31.     It is around 10:00 pm, and Macdara walks through the streets of the Dorado Beach Community alone, stumbling around, heading in the direction of Monika's home.

### B. DRUNK, UNCONTROLLABLE, AND UNINVITED, MACDARA SNEAKS INTO MONIKA'S PROPERTY

32.     Uninvited, Macdara sneaks into Monika's home and goes into hiding in the back patio.

33.     Unaware that an intruder has penetrated her home and is staring at her through a window in the dark, Monika is laying on a sofa in one of the rooms of her home.

34. Through a glass window, Macdara continues to lurk at Monika. Minute after minute begins to go by.

35. Even though Monika is inches from him, Macdara cannot touch her through the glass and concrete separating them.

36. Macdara has seen enough. No longer will he be denied the object of his desire.

37. Macdara decides to break into the house and go after Monika.

38. Unbeknown to Monika, her core is about to be shaken forever by the drunk deviant lurking outside the window.

### C. Drunk, uncontrollable, uninvited, and violently, Macdara kicks his way into Monika's home

39. Macdara walks to a glass door that allows entry into the house from the terrace.

40. Macdara's first violent kick fails to do away with the hurricane-resistant glass.

41. A second kick, a third, then a fourth. The glass would not yield. But Macdara continues undeterred. His loud kicking becomes even more violent.

42. The strong glass eventually succumbs to Macdara's brute force.

43. Macdara's relentless kicking creates a hole in the bottom of the glass door.

44. Sharp glass teeth cover the edges of the hole, and Macdara is too big to go through it without cutting himself. He kneels and goes through regardless.

45. Bleeding from open wounds but already inside the house, Macdara is poised to charge into the room where he had stared at Monika laying down.

46. First, however, Macdara starts to undress.

47. He takes off his shirt.

48. Unable to remove his pants without taking off his shoes, Macdara also takes off his shoes.

49. Half-naked, Macdara begins the hunt for Monika.

**D. DRUNK, UNCONTROLLABLE, UNINVITED, VIOLENTLY, AND HALF-NAKED, MACDARA HUNTS FOR MONIKA IN HER HOME**

50. It is pitch black outside, and Monika is alone and unarmed.

51. She is painfully aware that someone has violently broken into her home.

52. Monika's heart wants to jump out of her chest. She feels that her head is about to explode. She knows that whoever is inside her home can quickly come after her.

53. Murder, rape, kidnapping, assault; those thoughts bring tears of fear and despair out of Monika's eyes.

54. Macdara searches every corner of every bedroom. He then searches again.

**E. DRUNK, UNCONTROLLABLE, UNINVITED, VIOLENTLY, HALF-NAKED, AND UNRESTRAINED, MACDARA FINDS MONIKA**

55. From the inside of a storage room, feet away from where Macdara is looking for her, Monika phones SJ Security imploring for help.

56. Eventually, officers from SJ Security arrive and tell Monika they have entered to secure her home.

57. Monika forces herself to come out of hiding.

58. Macdara is right there, half-naked, unrestrained, and alone.

59. Monika sees her assailant; Macdara starts sprinting towards his victim.

60. Paralyzed with fear, Monika screams for help. She feels that her worst fears have become a reality.

F. **DRUNK, UNCONTROLLABLE, UNINVITED, VIOLENTLY, HALF-NAKED, UNRESTRAINED, AND AGAINST MONIKA'S WILL, MACDARA REMAINS IN THE HOME THREATENING TO KILL MONIKA**

61. SJ Security's officers chase down Macdara before he gets to Monika.

62. Pushing, shoving, punching, kicking, and screaming like a madman, Macdara puts up a violent fight.

63. SJ Security's officers struggle with Macdara.

64. The threat to Monika's life is far from over.

65. Rather than forcing Macdara out of Monika's home, SJ Security's officers allow him to remain there.

66. Without handcuffs or any other restraint, Macdara launches after Monika time and time again.

67. Scared for her life, Monika runs out of her home. So do SJ Security's officers.

68. SJ Security's officers chase down Macdara again. And again, they set him free.

69. Macdara yells that he will kill Monika.

70. He screams that Monika is a cunt and a whore.

71. Macdara goes to the back patio and reenters Monika's home through the broken glass door.

72. Rather than going after Macdara, SJ Security's officers stand around waiting for him to come out of Monika's home of his own volition.

73. SJ Security's officers let Macdara roam freely in and around Monika's home for well over an hour.

74. Macdara's vociferous threats towards Monika continue the whole time he is there. So do his attempts to physically hurt Monika.

### G. MACDARA WREAKS HAVOC IN MONIKA'S LIFE

75. Monika is finally able to go inside her home and sees that Macdara has left the place like a war zone.

76. Macdara's blood is on the walls and floors of Monika's home.

77. Monika also finds broken glass and personal belongings scattered all over the place.

78. Monika cannot safely close the back patio door that goes into her home.

79. Monika is terrified by the prospect that Macdara can come back to hurt her. Even though Monika is unaware at the moment, that fear would haunt her every day thereafter and ultimately change her life forever.

### H. Macdara is indicted and convicted

79. Macdara is indicted in state court under the following charges:

    a. Breach of the Peace;

    b. Illegal Entry of a Dwelling;

    c. Simple Battery; and

    d. Aggravate Damages.

80. In 2023, after a bench trial, a state-court judge convicts Macdara on all charges.

## V. CAUSES OF ACTION

### A. First Cause of Action: Under the Puerto Rico Civil Code, Macdara and his parents are jointly and severally liable for Monika's damages

81. All the allegations stated above are incorporated and realleged below.

82. Macdara's actions are as criminal and negligent as reprehensible and shameful. No further allegations are needed for them to be actionable under the applicable pleading standards and the applicable Puerto Rico tort law.

80. Under Puerto Rico law, given that Macdara's parents had joint custody over him, are both liable for the damages their son has caused to Monika.

81. To that effect, Macdara's mother sent the following text message to Monika and her fiancé a day after her son broke into their home:

> Macdara's father and I are devasted by our son's actions yesterday evening and we cannot express enough our heartfelt sadness about what you went through. As you can surmise our son is struggling with something. While Macdara has never behaved this way before, there is no excuse for what he did.
>
> We assume full responsibility for his inexcusable actions[,] and we would like to make you whole for the damages he caused you.

82. Macdara's parents are also liable for their own negligence.

83. On information and belief, both negligently allowed Macdara to drink alcohol without restraints, despite their son's known psychological limitations and proclivities, which ultimately caused the damages Monika suffered and still suffers today.

84. On information and belief, also negligently, Macdara's parents tolerated, allowed, and enabled their son's violent behavior and aggressive outbursts, which ultimately caused the damages claimed here.

85. On information and belief, Macdara's parents also tolerated, allowed, and enabled Macdara's misogynistic and predatory behavioral tendencies, which ultimately caused the damages claimed here.

86. On information and belief, contrary to the remarks by Macdara's mother in her text message to Monika and her fiancé, Macdara's transgressions on November 25, 2022 were not his first.

87. On information and belief, Macdara has a history of physiological and behavioral problems, violent outbursts, and aggressive conduct of nature similar to what he exhibited on November 25, 2022.

88. Under the Puerto Rico Civil Code, applicable in this case pursuant to Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), Macdara and his parents are jointly and severally liable for the negligent acts and omissions that caused the damages alleged in this Complaint.

89. Because the actions and omissions alleged in this Complaint recklessly endangered Monika's life, punitive damages are also warranted against Macdara and his parents under the applicable provisions of the Puerto Rico Civil Code.

90. Under the insurance policies in effect when the negligent acts and omissions alleged in this case happened, as per the Puerto Rico Direct Action Statute, codefendants' insurance providers are directly and independently liable for the damages claimed in the Complaint. These insurers will be identified during the discovery process of this case.

### B. SECOND CAUSE OF ACTION: UNDER THE PUERTO RICO CIVIL CODE, MELAO RESTAURANT IS JOINTLY, <u>VICARIOUSLY</u>, AND SEVERALLY LIABLE FOR MONIKA'S DAMAGES

91. All the allegations stated above are incorporated and realleged below.

92. On information and belief, Melao Restaurant's personnel negligently overserved alcohol to Macdara even after he became visibly drunk.

93. Also negligently, Melao Restaurant's personnel allowed Macdara to leave its facility with an open bottle of alcohol.

94. Despite Macdara's aggressive and violent outburst at Melao Restaurant, its personnel negligently failed to act so that Macdara be precluded from roaming the streets with an open bottle of alcohol.

95. The negligent actions and omissions of Melao Restaurant's personnel ultimately caused the damages Monika suffered and still suffers today.

96. Melao Restaurant is therefore jointly, vicariously, and severally liable for the negligent acts and omissions that caused the damages alleged in this Complaint.

97. Because the actions and omissions alleged in this Complaint recklessly endangered Monika's life, punitive damages are also warranted against Melao Restaurant under the applicable provisions of the Puerto Rico Civil Code.

98. Under the insurance policies in effect when the negligent acts and omissions alleged in this case happened, as per the Puerto Rico Direct Action Statute, Malao Restaurant's insurance providers are directly and independently liable for the damages claimed in the Complaint. These insurers will be identified during the discovery process of this case.

### C. THIRD CAUSE OF ACTION: UNDER THE PUERTO RICO CIVIL CODE, SJ SECURITY IS JOINTLY, VICARIOUSLY, AND SEVERALLY LIABLE FOR MONIKA'S DAMAGES

99. All the allegations stated above are incorporated and realleged below.

100. As alleged above, SJ Security's personnel negligently and carelessly responded to Monika's desperate call for help.

101. Among its many negligent actions and omissions, SJ Security's personnel allowed Macdara to roam the streets of the Dorado Beach Community and break into Monika's home.

102. Negligently, SJ Security's personnel also failed to subdue Macdara and rather allowed him to enter and reenter Monika's home at will, despite Monika's reiterated requests to the contrary.

103. Thanks to SJ Security's negligent actions and omissions, Macdara remained on Monika's property for well over an hour, threatening to kill Monika and verbally abusing her.

104. The negligent actions and omissions of SJ Security's personnel ultimately caused the damages Monika suffered and still suffers today.

105. SJ Security is therefore jointly, vicariously, and severally liable for the negligent acts and omissions that caused the damages alleged in this Complaint.

106. Because the actions and omissions alleged in this Complaint recklessly endangered Monika's life, punitive damages are also warranted against SJ Security under the applicable provisions of the Puerto Rico Civil Code.

107. Under the insurance policies in effect when the negligent acts and omissions alleged in this case happened, as per the Puerto Rico Direct Action Statute, SJ Security's insurance providers are directly and independently liable for the damages claimed in the Complaint.  These insurers will be identified during the discovery process of this case.

> D. **FOURTH CAUSE OF ACTION: UNDER THE PUERTO RICO CIVIL CODE, MELAO RESTAURANT, SJ SECURITY, AND DB, INC. ARE JOINTLY, DIRECTLY, AND SEVERALLY LIABLE FOR MONIKA'S DAMAGES**

108. All the allegations stated above are incorporated and realleged below.

109. Melao Restaurant, SJ Security, DB, Inc., as well as Corporations Y, and Z, had an obligation to put in place rules, procedures, policies, and protocols to ensure the safety of all clients and residents of the Dorado Beach Community, including Monika.

110. Melao Restaurant, SJ Security, DB, Inc., and Corporations Y, and Z negligently failed to put in place the required rules, procedures, policies, and protocols.

111. In the alternative, Melao Restaurant, SJ Security, DB, Inc., and Corporations Y, and Z negligently failed to supervise their personnel to ensure they would abide by the required rules, procedures, policies, and protocols.

112. Melao Restaurant, SJ Security, DB, Inc. and Corporations Y, and Z negligently failed to train their personnel properly to abide by the applicable standard of care and the required rules, procedures, policies, and protocols.

113. Among other things, Melao Restaurant, SJ Security, DB, Inc., as well as Corporations Y, and Z negligently failed to ensure that their personnel had the expertise, knowledge, and training necessary to provide proper services to clients and residents of the Dorado Beach Community, including Monika.

114. In the alternative, Melao Restaurant, SJ Security, DB, Inc., Corporations Y, and Z negligently understaffed their operations for financial gain which ultimately caused the damages alleged in this Complaint.

115. Under the Puerto Rico Civil Code, Melao Restaurant, SJ Security, DB, Inc., and Corporations Y, and Z are jointly, <u>directly</u>, and severally liable for the damages claimed in this case.

116. Under the insurance policies in effect when the acts and omissions alleged in this case occurred, as per the Puerto Rico Direct Action Statute,

17

codefendants' insurance carriers are liable for the damages claimed in the Complaint.

## VI.   DAMAGES

117. All the allegations stated above are incorporated and realleged below.

118. Monika suffered, continues to suffer, and will forever suffer significant emotional pain, distress, uncertainty, fear, loss of consortium, and anguish due to codefendants' negligent actions and omissions.

119. Since the day Macdara forever stole Monika's peace of mind, Monika witnessed her fiancé suffer the consequences of the damages caused to her, which in turn has magnified Monika's individual emotional suffering.

120. Monika's daily routine, her activities individually and as a couple with her fiancé, and her plans have been disrupted due to codefendants' negligent actions and omissions. The disruption has caused and continues to cause distress, uncertainty, stress, and emotional pain.

121. Monika struggles with the fact that she miscarried after her unwilling encounter with Macdara on the night of November 25th. Monika firmly believes that the stress, turmoil, and emotional suffering Macdara caused in her life prompted the miscarriage.

122. Monika also struggles with the fact that her unborn child will never be part of her life. She struggles to accept the reality thrust upon her by the negligence of codefendants.

123. Monika lives tormented by the real possibility that she may never be able to conceive another child.

124. Codefendants negligence and the damages caused by it have produced depression and other mental afflictions to Monika.

125. Codefendants' negligence also caused Monika her relationship with her fiancé as well as her emotional wellbeing, sense of security, and peace.

126. In sum, with their negligent acts and omissions, codefendants have condemned Monika to torture no one should ever endure.

## VII.  JURY TRIAL REQUESTED

127. Pursuant to Fed. R. Civ. P. 38(b), a jury trial is respectfully requested as to all triable issues.

## VIII.  PRAYER FOR RELIEF

128. The value of the damages codefendants negligently caused and will forever cause to Monika far exceeds the jurisdictional amount of $75,000.00. Compensation in excess of that amount is warranted and requested.

129. Additionally, punitive damages against codefendants under the Puerto Rico Civil Code are also warranted and requested.

130. In the event that codefendants deny liability for the negligent acts and omissions giving rise to the claims set forth in this Complaint, as well as for the ensuing damages, the imposition of pre-judgment and post-judgment interest and attorney's fees at the maximum rate allowed by law will be warranted.

**WHEREFORE**, Plaintiff Monika Gilmore demands judgment against codefendants, jointly and severally for an amount in excess of $75,000.00, to be determined by a jury at trial, which will include special, compensatory, and punitive damages, costs, attorney's fees, and all other applicable relief.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of July 2024.

**PRV LAW OFFICE**
Attorney for Plaintiff
221 Plaza, Sixth Floor
Ponce de León Ave. 221
San Juan, P.R. 00917
www.prvlaw.com
c. 787-299-5118

s/Paúl A. Rodríguez Vélez
USDC-PR 300008
prodriguez@prvlaw.com

**MARCO ANTONIO RIGAU**
Attorney for Plaintiff
221 Plaza, Sixth Floor
Ponce de León Ave. 221
San Juan, P.R. 00917
939-777-9898
c. 787-565-0242

s/Marco Antonio Rigau
USDC-PR 109209
abogado3616@gmail.com
rigau1@yahoo.com