IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Monika Gilmore,<br><br>**Plaintiff**,<br><br>v.<br><br>Sarah Greene, et al,<br><br>**Codefendant and Third-Party Plaintiff,**<br><br>v.<br><br>Multinational Insurance Company,<br><br>**Third-Party Defendant.** | Civil No.: **23cv1591 (ADC)** |

## THIRD-PARTY COMPLAINT

**To the Honorable Aida M. Delgado-Colón, USDC Judge:**

**COMES NOW** codefendant and third-party plaintiff Sarah Greene ("Greene"), without submitting to the jurisdiction of this Court. thru her undersigned attorneys and respectfully states and prays as follows:

### I.  NATURE OF CASE

On July 15, 2024, plaintiff Monika Gilmore ("Gilmore"), filed a jurisdictional pleaded diversity of citizenship Third Amended Complaint against, amongst others, codefendant and herein third-party plaintiff, Sarah Greene ("Greene"), alleging that the latter was personally and vicariously liable to the former, anent the alleged negligent acts incurred by her son, codefendant Macdara Flaherty, during November 25, 2022. See, Docket No. 34, First Cause of Action, pp. 11-13.

On July 29, 2024, Greene answered the Third Amended Complaint and admitted that herein third-party defendant Multinational Insurance Company ("Multinational"), issued personal package policy number MPP 04311980 00, policy period 11-19-22 to 11-19-23, to named insured Sarah O. Greene Flaherty, with a primary insurance limit of $500,000.00, per occurrence for personal liability and personal injury, and a $3,000,000.00 limit umbrella coverage for personal liability and personal injury ("the Insurance Policy"). Further alleging that the insurance policy offers coverage for the damages claimed against her in the Third Amended Complaint. See, Docket 42, pp. 6-7.

Multinational has notified Greene that it will not offer her either legal defense and/or coverage under the Insurance Policy, regarding the claims filed by Gilmore against her. Greene hence alleges that Multinational has breached its contractual obligations as they arise from the Insurance Policy, including its duty to defend and indemnify her.

Pursuant to Fed. R. Civ. P. 14(a)(1), Greene is filing the Third-party Complaint within 14 days of answering the Third Amended Complaint, thus not requiring prior leave from this Court for its filing.

## II. THE PARTIES

1. Third-Party Plaintiff, Greene was joined as a codefendant in the Third Amended Complaint filed in the captioned case, whereat it is alleged that she is personally and vicariously liable to Gilmore, as result of the alleged negligent acts incurred by her son, codefendant Macdara Flaherty.

2. Third-Party Defendant, Multinational, is an insurance company, duly organized and authorized to conduct business in the Commonwealth of Puerto Rico, that issued the Insurance Policy.

### III.  THE FACTS

3. The insurance industry in Puerto Rico is vested with a significant amount of public interest, and therefore, it is strictly regulated by the government.

4. Insurance contracts are deemed to be contracts of adhesion, where the bargaining power of the insurer is disproportionate to that of the insured. Considering that the main purpose of any insurance contract is to provide coverage, the terms of any insurance policy should always be interpreted liberally in favor of the insured.

5. Puerto Rico's public policies on these issues are well-established and have been affirmed by several Puerto Rico Supreme Court decisions. They mandate that any doubt or controversy related to the interpretation of an insurance policy must be resolved in a way that provides, rather than deprives, coverage to the insured. Insurers, as contracting parties, are also required to fulfil their contractual obligations in good faith under the terms of an existing policy.

6. Pursuant to the contractual obligations that arise from the Insurance Policy, Greene requested from Multinational to afford her legal defense and coverage anent the allegations and cause of action contained in the Third Amended Complaint filed by Gilmore against her.

7. Multinational notified Greene that it would not offer her either legal defense and denied coverage in relation to the allegations and cause of action contained in the Third Amended Complaint filed against her.

8. By refusing to defend and provide coverage to Greene, as agreed to in the Insurance Policy, regarding the allegations and claims filed by Gilmore against her, Multinational has breached its contractual obligations and duties to offer legal defense and provide coverage to Greene in relation to the claims alleged in the Third Amended Complaint.

### IV.  **FIRST CAUSE OF ACTION**
### **DECLARATORY JUDGMENT**

9. Each of the preceding allegations of this Third-Party Complaint are reproduced, reaffirmed and incorporated by reference herein.

10. The Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

11. Multinational was, and is, obligated under the Insurance Policy to provide defense and coverage for the claims against Greene in the Third Amended Complaint.

12. Multinational has breached its obligations as set forth in the Insurance Policy by disputing its obligations to provide legal defense and coverage to Greene.

13. An actual and justiciable controversy exists between Greene and Multinational regarding the obligations of Multinational under the Insurance Policy.

14. Pursuant to 28 U.S.C. Section 2201(a), Grene is entitled to a declaration of the rights of Greene under the Insurance Policy, including that Greene is entitled to be afforded legal defense and coverage for the claims filed against her in the Third Amended Complaint.

15. Greene is entitled to have the Insurance Policy interpreted in a reasonable manner that maximizes its insurance coverage provided.

16. Grene reserves the right to seek leave of this Court to amend this Third-Party Complaint at such time as it may ascertain other acts and omissions constituting additional elements of the present cause of action.

### V. SECOND CAUSE OF ACTION
### BREACH OF CONTRACT AND CONTRACTUAL DAMAGES

17. Each of the preceding allegations of this Third-Party Complaint are reproduced,

reaffirmed and incorporated by reference herein.

18. As set forth above, the Insurance Policy issued by Multinational to Greene, among other things, pledged to provide Greene legal defense, assume the associated expenses and costs with providing such legal defense and to provide coverage for occurrence such as the ones alleged in the Third Amended Complaint filed against her.

19. Greene satisfied all applicable conditions for coverage under the Insurance Policy.

20. Multinational breached its contractual obligations under the Insurance Policy by refusing to meet its duty to defend and to provide coverage to Greene.

21. Pursuant to its contractual obligations, as they arise from the Insurance Policy, Multinational has a duty to defend Greene and provide her coverage regarding the allegations and claims filed against her in the Third Amended Complaint.

22. Multinational has breached its contractual obligations and duty to afford legal defense to Greene and provide her coverage for the claims filed against her under the Insurance Policy.

23. Multinational is liable to Greene for all, or part of the claims filed by Gilmore against Greene, as corollary of its breach of contract, as well as for the related damages suffered by Greene because of Multinational's decision not to meet its contractual obligations under the Insurance Policy.

24. In refusing to meet its duty to defend and to provide coverage to Greene as agreed to in the Insurance Policy, Multinational failed to meet its legal and contractual obligations as they arise from the Insurance Policy.

25. Multinational is also liable to Greene for the expenses and costs she has incurred, including attorney´s fees, while defending the claims filed against her in this action.

26. As a direct and proximate result of Multinational's breaches, Greene has been deprived of the benefit of insurance coverage for which it paid substantial premiums.

27. Article 1158 of the Puerto Rico Civil Code, 31 L.P.R.A. §9303 (2020), provides that those contravening in any manner the scope of their obligation, must indemnify all damages caused.

28. In this case, Multinational breached its contractual obligation. This directly resulted in damages to Greene in an amount to be determined but not less than $100,000.00 which includes, but is not limited to, the costs associated with the legal defense and expenses associated with defending the Third Amended Complaint and resulting payments.

29. Greene requests payment of all damages stemming from Multinational's breach of contract, and which were all foreseeable to Multinational at the time it issued the Insurance Policy.

30. Greene reserves the right to seek leave of this Court to amend this Third-Party Complaint at such time as it may ascertain other acts and omissions constituting additional elements of the present cause of action.

**WHEREFORE,** it is respectfully requested from this Court, to grant this Third-Party Complaint, thus entering judgment in favor of Greene, affording her the following remedies and relief:

a. Declaring that Multinational breached the Insurance Policy, thus declaring that all defense costs and expenses, and the allegations contained in the Third Amended Complaint are covered by the Insurance Policy;

b. Declaring that Greene is entitled to have the Insurance Policy interpreted in a reasonable manner that maximizes her insurance coverage, including that the claim filed against her in the

Third Amended Complaint is covered by the Insurance Policy, in addition to the defense costs associated therewith;

    c. Awarding damages to Greene in an amount of no less than $100,000.00, as consequence of Multinational´s breach of contract, including attorney´s fees, costs and expenses;

    d. Adjudging that Multinational is liable to Greene for all or part of the claim that Gilmore has filed against her.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 2nd day of August 2024.

**I HEREBY CERTIFY** that on even date the undersigned sent a copy of the foregoing to all attorneys of record, thru the CM/ECF System.

**DELGADO & FERNÁNDEZ LLC**
PO Box 11750
Fernández Juncos Station
San Juan, PR 00910-1750
Tel. (787)274-1414
Fax: (787)764-8241

s/ALFREDO FERNÁNDEZ MARTÍNEZ
USDC-PR-210511
afernandez@delgadofernandez.com

s/MIGUEL G. LAFFITTE
USDC-PR-202309
mlaffitte@delgadofernandez.com