UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MONIKA GILMORE**<br><br>    **Plaintiff**<br><br>    v.<br><br>**MICHAEL FLAHERTY, ET. AL**<br><br>    **Defendants** | **CIVIL NO. 23-01591 (ADC)** |

**MOTION FOR RECONSIDERATION AND/OR RELIEF FROM ORDER GRANTING MOTION IN LIMINE (DKT. 167)**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Monika Gilmore, through the undersigned attorney, and respectfully states and prays:

1.  On July 22, 2025, the Court granted Defendant St. James Security's *Motion in Limine* (Dkt. 167), precluding Plaintiff's proposed security expert, Mr. César Vivaldi (Dkt. 178). On that same date, the Court granted Plaintiff's prior counsel to withdraw and stayed case management deadlines for thirty (30) days, ordering Plaintiff to announce new counsel by August 21, 2025 (Dkt. 179).

2.  Plaintiff, now represented by undersigned counsel, respectfully moves this Court to reconsider and/or grant relief from the July 22, 2025 interlocutory order (Dkt. 178) pursuant to Fed. R. Civ. P. 54(b) and, in the alternative, Rule 60(b). Reconsideration and relief are warranted to prevent manifest injustice, correct a factual misimpression on which the exclusion was premised, and allow the case to be decided on its merits.

3.  Contrary to prior representations made to the Court, Mr. Vivaldi was never retained by Plaintiff's prior counsel and was never engaged to prepare a Rule 26(a)(2)(B) report. Plaintiff only

1

formally retained Mr. Vivaldi early this week after undersigned counsel assumed responsibility for the case. Plaintiff had no knowledge that no expert had been engaged, nor that deadlines had been missed.

4. St. James argued that Plaintiff's failure to produce a report despite extensions signified abandonment of the expert and justified preclusion. This argument was premised on the assumption that Plaintiff had engaged the expert and willfully defaulted. The true facts are otherwise: prior counsel never engaged Mr. Vivaldi and Plaintiff was unaware of this fact.

5. St. James also argued that allowing Mr. Vivaldi to testify would prejudice its defense because its expert, Mr. Edgar Tirado, would be forced to prepare a supplemental report and sit for a deposition. That prejudice can be cured. St. James has already disclosed its expert report and can be granted leave to amend or supplement its disclosure after receipt of Mr. Vivaldi's report.

6. Furthermore, on July 28, 2025, the docket reflects that a notice of interlocutory appeal was recently filed by Multinational Insurance Company." (USCA Case Number 25-1697, Dkt. 182). This appellate proceeding already delays case progress. In addition, the Court's July 22 order stayed deadlines through August 21, 2025 (Dkt. 179). These developments demonstrate that reopening expert disclosure now will not disrupt trial or materially burden Defendants.

7. Excluding Plaintiff's sole security expert would effectively deprive her of the ability to present essential evidence on industry standards and security practices, which are central to her claims. The sanction is disproportionate to the neglect at issue, particularly where the failure stemmed from previous counsel's case management rather than any fault of Plaintiff herself.

8. The First Circuit has emphasized that preclusion under Rule 37(c)(1) is the ordinary sanction unless the failure was substantially justified or harmless. S*antiago-Díaz v. Laboratorio Clínico*, 456 F.3d 272, 276 (1st Cir. 2006). Here, justification exists in the form of former counsel's

case management and lack of effective communication with Plaintiff, and harm is curable by allowing St. James to supplement. In such circumstances, preclusion is not compelled.

9. Plaintiff therefore respectfully requests that the Court vacate its July 22, 2025 order granting Dkt. 167 and allow Plaintiff to serve Mr. Vivaldi's expert report within thirty (30) days. Defendants should be permitted to supplement their expert disclosure within thirty (30) days thereafter, and expert depositions –if necessary– can follow within a reasonable time.

10. This measured relief protects Defendants' ability to present their case while preserving Plaintiff's right to present critical expert testimony. It avoids disproportionate sanction, ensures fairness, and allows this matter to be resolved on its merits.

**WHEREFORE**, Plaintiff respectfully requests that the Court reconsider its July 22, 2025 order granting Dkt. 167, vacate the exclusion of Mr. Vivaldi, and enter the limited relief described above.

**Respectfully submitted.**

In San Juan, Puerto Rico, August 20, 2025.

*/s/*Alfonso S. Martínez Piovanetti
USDC No. 228813
PO Box 8013
San Juan, PR 00910
Tel. (787) 234-6239
alfonso@martinezpiovanetti.com